```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


Columbia Gas of Ohio, Inc.,    :

        Plaintiff,             :

    v.                         :     Case No. 2:14-cv-294

                               :     JUDGE JAMES L. GRAHAM
City Electric Supply                 Magistrate Judge Kemp
Company, et al,                :

        Defendants.            :
```

                    REPORT AND RECOMMENDATION

     By order dated June 29, 2015, plaintiff Columbia Gas of Ohio, Inc. and defendant City Electric Supply Company's joint motion for a damage determination against defaulting defendant Savannah Management Group was referred to the undersigned Magistrate Judge for a Report and Recommendation.  For the following reasons, the Court will recommend that the joint motion be granted to the extent that it seeks a damages award of $400,000.

     The current motion arises from a third-party complaint filed by City Electric against Savannah Management.  According to the third-party complaint, Savannah Management sold property to Mountain Real Estate.  In 2012, City Electric merged with Mountain and became the owner of the property.  At the time of closing, Savannah Management executed an affidavit, stating:

> "2.  That Affiant has been in continuous, open, exclusive, peaceable and undisputed possession of said property since the time of vesting of title to said property in Affiant; that there are no parties who have any interest or right to claim an interest in said property other than Affiant; and that there are no facts known to Affiant which could give rise to a claim being adversely asserted to any of said property except:" [no exceptions added].

According to the complaint, however, and despite the above representation, Columbia Gas is the owner of easement rights contained in a Pipeline Right-Of-Way.  In 2012, Columbia Gas discovered an encroachment and subsequently asked the property owners to relocate a warehouse existing on the property.  When this did not occur, Columbia Gas filed the present action.

On October 30, 2014 the Court granted City Electric's motion for default judgment on its third-party complaint against Savannah Management as to liability only.  The order advised City Electric that in the event City Electric was found liable to Columbia Gas, the Court would set a hearing as to damages.

According to the joint motion, City Electric and Columbia Gas now have reached a settlement under which City Electric is liable to Columbia Gas in the amount of $400,000.  In its third-party complaint, City Electric had not requested a specific damages amount from Savannah Management.  Rather, the third-party complaint had requested that Savannah Management be "held liable to City Electric for any and all costs and damages ..., including attorney fees."

In the joint motion, the parties contend that a hearing is unnecessary because the amount of damages is established through both the motion and a supporting affidavit, no allegations are untrue, and there are no other matters that appear to require investigation.  Consequently, the motion seeks an award in favor of City Electric in the amount of $400,000.  The supporting affidavit of W. Glenn Dempsey, general counsel for City Electric, further confirms that, "[a]fter investigation, discovery, and good faith negotiations with Columbia Gas, City Electric agreed to settle the claims of Columbia Gas in an agreement by which City Electric paid Columbia Gas the sum of Four Hundred Thousand Dollars ($400,000.00), and Columbia Gas agreed to reroute its gas transmission line to the edge of City Electric's property and

modified the legal description of the property bound by Columbia Gas' easement."

Federal Rule of Civil Procedure 55(b)(2) governs default judgments and provides that the Court may, in its discretion, conduct a hearing to determine the amount of damages.  "'Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved.'"  Flynn v. People's Choice Home Loans, Inc., 440 Fed.Appx. 452, 455 (6th Cir. 2011), quoting Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995).  "'Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'"  Vesligaj v. Peterson, 331 Fed. Appx. 351, 355 (6th Cir. 2009), quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  "Although the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court."  Joe Hand Promotions, Inc. v. RPM Management Co. LLC, 2011 WL 5389425, *1 (S.D. Ohio Nov. 7, 2011), citing J & J Sports Production, Inc. v. Lukes, 2010 WL 4105663, *1 (N.D. Ohio Oct. 18, 2010).

In light of the joint motion and Mr. Dempsey's affidavit, the Court finds that the damages amount of $400,000 is readily ascertainable from the record before it.  Further, Mr. Dempsey's statement in his affidavit that the settlement amount of $400,000 was the result of investigation, discovery, and good faith negotiations and his explanation that Columbia Gas agreed to reroute its gas transmission line indicate the reasonableness of

this amount.  Consequently, the Court will recommend that the joint motion be granted and that judgment be entered against Savannah Management in the amount of $400,000.

For the reasons stated above, the Court recommends that the joint motion (Doc. 28) be granted and that the Clerk be directed to enter judgment on the third-party complaint against Savannah Management in the amount of $400,000.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge